```
             UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF OHIO
                   WESTERN DIVISION
```

DONALD CREECH,                    :
                                  :   NO. 1:12-CV-00161
       Plaintiff,                :
                                  :
                                  :
  v.                              :   **OPINION AND ORDER**
                                  :
                                  :
COMMISSIONER OF SOCIAL            :
SECURITY,                         :
                                  :
       Defendant.

       This matter is before the Court on the Magistrate Judge's Report and Recommendation, (doc. 12), and Plaintiff's Objections (doc. 15). In her Report and Recommendation, the Magistrate Judge recommended that the decision of the Administrative Law Judge ("ALJ") denying Plaintiff Disability Insurance Benefits ("DBI") and Supplemental Security Income ("SSI") be affirmed as supported by substantial evidence and this case be dismissed from the docket of the Court (<u>Id</u>.). For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety.

**I.  Background**

       Plaintiff filed an application for DIB in October 2006 and an application for SSI in January 2009, alleging a disability onset date of November 15, 2004, due to physical and mental impairments (doc. 12). Defendant denied such claims initially and

upon reconsideration (Id.). Plaintiff subsequently requested a hearing before an ALJ, which he obtained, and at which he was represented by counsel (Id.). The ALJ denied Plaintiff's application, following which Plaintiff requested review by the Appeals Council (Id.). The Appeals Council vacated the ALJ's decision and remanded the matter for resolution of multiple issues, including providing an evaluation of the July 2009 assessment from consulting physician Alekh Gupta, M.D. (Id.). The ALJ held a second hearing, after which she again denied Plaintiff's DIB application (Id.).

Although the ALJ found that Plaintiff had severe impairments of degenerative lumbar disc disease at L5-S1; history of a burst I2 vertebral fracture (s/p posterior fusion from T12 to L30); history of a remote right knee injury; and a depressive disorder, she concluded Plaintiff nonetheless had the residual functional capacity to perform a limited range of sedentary work (Id.). Based on the record including testimony of the vocational expert, the ALJ concluded jobs exist in significant numbers in the national economy, including jobs as surveillance system monitor, ticket counter, and inspector, that Plaintiff can perform (Id.). Accordingly, the ALJ determined that Plaintiff was not under disability and was not entitled to DIB and/or SSI (Id.). The Appeals Council denied Plaintiff's request for review, thus making the ALJ's second decision the final determination of the

Commissioner (Id.).

On appeal to this Court, Plaintiff contends the non-disability determination should be reversed for three reasons (Id.). First, he argues the ALJ erred by relying on the testimony of the vocational expert that was inconsistent with the Dictionary of Occupational Titles ("DOT"). Second, he contends the ALJ erred by failing to give controlling weight to the opinion of Plaintiff's treating physician Dr. Simons; and third, that the ALJ improperly afforded great weight to the opinion of the reviewing state agency physician (Id.).

**II. The Magistrate Judge's Report and Recommendation**

In her Report and Recommendation the Magistrate Judge first addressed the ALJ's evaluation of the opinion evidence (doc. 12). The Magistrate Judge did not find error in the ALJ's having given little weight to Plaintiff's treating physician Dr. Simon's October 2010 assessment that Plaintiff could work no more than four hours a day (Id.). The ALJ noted that Dr. Simons did not explain the medical rationale for such limitation, nor did he send Plaintiff for any formal functional capacity assessment, and that his assessment relied on Plaintiff's subjective complaints (Id.). The Magistrate Judge found the records do not establish any function limitations nor explain why Plaintiff would be limited to working only four hours a day, and that such a restriction was internally inconsistent with Dr. Simons' other determination that

he could sit for 6-12 hours and sit/stand for 4-6 hours (Id.). As such, the Magistrate Judge found the ALJ reasonably discounted Dr. Simons' opinion that Plaintiff is limited to working only four hours a day (Id.).

The Magistrate Judge further found the ALJ's reliance on the opinion of Dr. Gupta, who performed a consultative examination in July 2009, as consistent with evidence of record (Id.). Dr. Gupta found that Plaintiff could lift/carry up to 10 pounds frequently, 20 pounds occasionally, he could stand a total of two hours, walk a total of two hours, and sit a total of four hours in an eight-hour workday (Id.). Dr. Gupta found Plaintiff needed a cane to walk long distance, to go up steps, or inclined surfaces; that he could occasionally climb ramps/stairs, balance, stoop, kneel, crouch and crawl, but never climb ladders/ropes/scaffolds (Id.). The Magistrate Judge rejected Plaintiff's argument that the ALJ erred in relying on Dr. Gupta's assessment because Dr. Gupta did not review any of the medical evidence submitted to the file after the date of his evaluation on July 18, 2009 (Id.). The Magistrate Judge found that significant weight could be accorded to Dr. Gupta's opinion because "there is no requirement. . .that a non-treating source's opinion must be based on a complete or more detailed record to constitute substantial evidence" (Id. citing Seider v. Astrue, No. 1:11-CV-153 (S.D. Ohio Feb. 28, 2012)). Moreover, the Magistrate Judge noted that other than asserting Dr.

-4-

Gupta did not review the entire record, Plaintiff fails to assert that Dr. Gupta's findings are inaccurate, and therefore Plaintiff's argument should be overruled (Id.).

The Magistrate Judge next addressed Plaintiff's argument that the testimony of the vocational expert was inconsistent with the dictionary of occupational titles ("DOT") (Id.). The Magistrate Judge noted that the VE expressly testified that Plaintiff could perform the jobs of surveillance system monitor, ticket counter, and inspector, and the VE indicated such testimony was consistent with the DOT (Id.). The Magistrate Judge noted that Plaintiff's counsel did not question the VE about any apparent inconsistencies between the testimony and the DOT relating to reasoning levels (Id.). Because the ALJ specifically asked the VE if her testimony was consistent with the DOT, and the uncontradicted testimony of the VE indicated no conflict, the Magistrate Judge found the ALJ did not err by relying on such testimony in finding jobs Plaintiff could perform (Id.). Moreover, the Magistrate Judge noted the DOT reasoning levels reflect the maximum requirements for sedentary jobs and not the range of specific requirements an individual must satisfy to perform the jobs (Id.). The Magistrate Judge further cited SSR 00-4p for the proposition that a VE "may be able to provide more specific information about jobs or occupations that the DOT" (Id.). Finally, the Magistrate Judge rejected the argument that the DOT is

-5-

outdated as to all three jobs the ALJ stated Plaintiff could perform, because Plaintiff provided no evidence to demonstrate such contention so as to render the VE's testimony unreliable (Id.).

### III. Plaintiff's Objections

Plaintiff objects to the Magistrate Judge's Report and Recommendation contending that 1) Dr. Gupta rendered an opinion without reviewing all of the medical evidence; 2) that the VE's testimony conflicts with the DOT; and 3) that the ALJ unreasonably discounted Dr. Simon's opinion that Plaintiff is limited to working only four hours a day (doc. 15). Plaintiff thus requests the Court reject the ALJ's decision as unsupported by substantial evidence and either grant Plaintiff's claim or remand this matter for further development.

### IV. Discussion

The Court, having reviewed this matter de novo pursuant to 28 U.S.C. §636(b) finds the Magistrate Judge's Report and Recommendation well-reasoned, thorough, and correct. The Court finds the ALJ's non-disability determination supported by substantial evidence.

Plaintiff's objections are merely repetitive as the Magistrate Judge offered a proper analysis supporting the ALJ's reliance on the opinion of Dr. Gupta as consistent with record evidence. The Magistrate Judge further found no error in the ALJ's reliance on the testimony of the VE, whose opinion that Plaintiff

could perform specific sedentary jobs was not challenged as inconsistent with the DOT at the hearing. Moreover, per SSR 00-4p the ALJ is permitted to rely on the more specific testimony of the VE. Finally, the Magistrate Judge correctly noted that the opinion of the treating physician Dr. Simons that Plaintiff was limited to working four hours a day could be rejected as unsupported and internally contradictory with Dr. Simon's other opinions. For all of these reasons, the Court does not find persuasive Plaintiff's objections to the Magistrate Judge's Report and Recommendation.

The Parties were served with the Report and Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation required by 28 U.S.C. § 636(b)(1)(C), including that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).

Accordingly, having reviewed this matter de novo pursuant to 28 U.S.C. §636(b), the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety (doc. 12), AFFIRMS the decision of the ALJ, and DISMISSES this case from the docket.

SO ORDERED.

Dated: April 9, 2013          s/S. Arthur Spiegel
                              S. Arthur Spiegel
                              United States Senior District Judge